## CIRCUIT COURT OF FREDERICK COUNTY

In re Suburban Trust Co.

### January 9, 1981

By JUDGE ROBERT K. WOLTZ

This matter involves the validity of service of a subpoena *duces tecum* issued by the Special Grand Jury, in pursuance of its present investigations, against Suburban Trust Company, a Maryland corporation, service of the subpoena having been had on the Secretary of the Commonwealth pursuant to the provisions of Section 8.01-328, *et seq.* (the "long-arm statute").

Suburban filed a motion to quash on the ground that service of such process under the provisions of the long-arm statute was ineffective against it. Rule to show cause against contempt was served on Suburban's Virginia counsel, and the matter was argued December 6, 1980.

Suburban admits that it is a foreign banking corporation, and it makes no issue that it was transacting business in Virginia and no issue as to having transacted business in Virginia in relation to the matters for which the Special Grand Jury was impanelled to investigate. Suburban admits that in contemplation of § 13.1-119 it is a foreign corporation without a certificate of authority, that it is not domesticated in Virginia, and that it has no registered agent in Virginia.

The Court is of opinion that the motion to quash should be sustained for the following reasons.

Initially note should be made of the fact that this Special Grand Jury was impanelled under the provisions of § 19.2-199(2), in which the investigatory powers of the Grand Jury were more broadly phrased than in the amendment thereof of 1980, and as written at the time was clearly broad enough to cover not only investigation

of criminal activity but also in the civil area "misfeasance of governmental authority."

Notwithstanding that the Grand Jury might investigate and report not only on criminal activity but has the authority to investigate and report on a certain area of civil matter, it is the view of the Court that Sections 8.01-328, *et seq.*, and particularly Section 8.01-328.1, does not authorize the use of its provisions for valid service of process by way of a Special Grand Jury subpoena *duces tecum* on a foreign corporation, even one transacting business in this State.

Granted that there has been a vast development in the law concerning due process in relation to service of process since *Pennoyer* v. *Neff*, 95 U.S. 714 (1878), that very substantial steps in that regard have been taken since *International Shoe Co.* v. *Washington*, 326 U.S. 310 (1945), that the concept of "presence within the territorial jurisdiction" has been as reflected in our long-arm statute greatly expanded to meet modern conditions of commerce and society, yet this statute cannot be stretched or distorted beyond its own terms to cover situations and achieve results, however well intentioned, which do not fall within those terms even when liberally construed.

There can be no doubt that a subpoena, including a subpoena *duces tecum*, involves the exercise of personal jurisdiction over an individual or other entity. Section 8.01-328.1 gives a Court the right to "exercise personal jurisdiction over a person [as defined in the Act and which includes corporations], but only as to one "who acts directly or by an agent, as to a *cause of action* arising from the person's" engaging in certain activities enumerated in the section. (Emphasis added.) Subsection B further provides:

> When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

While the long-arm statute does empower Courts to exercise personal jurisdiction over a foreign corporation, this exercise is limited to instances of a cause of action and then only such cause of action as may arise

from one of the acts of the person specifically set forth in the section.

There is no "cause of action," as that term is used in the long-arm statute, involved in the Special Grand Jury proceeding or its issuance of this subpoena *duces tecum.* Therefore, the personal jurisdiction authorized by the long-arm statute by its own terms does not extend to this subpoena or authorize valid service of it on the Secretary of the Commonwealth.

At argument counsel broached the question of obtaining personal jurisdiction over Suburban and, thus, obtaining enforceability of the subpoena *duces tecum* if it were served on the Clerk of the State Corporation Commission under the provisions of Section 13.1-119. In view of the fact that service under the long-arm statute has been quashed, determination on this alternative form of service would, say counsel, result in a saving of time and expense. Counsel actually argued the matter. While the Court feels that it cannot make a binding ruling on the proposition, yet in the light of that statute it appears that personal jurisdiction for the purposes of a subpoena *duces tecum* should be obtainable on a foreign corporation transacting business in this State without a certificate of authority by serving the subpoena on the Clerk of the State Corporation Commission as provided in that statute.

The statute is broadly written and speaks of "suits, actions and proceedings" without limitation as to the meaning of those terms, the last one mentioned being a particularly broad designation. The section provides that such a corporation shall "be deemed to have thereby appointed the clerk of the Commission its attorney for service of process" without any apparent limitation on that term, and the breadth of the opinion is underscored by later reference to service of a copy of "process, notice, order or demand," these terms encompassing an extremely wide array of legal documents which may be served and which would seem not to exclude a subpoena *duces tecum.*

This particular section is remedial in nature and has as one general objective putting the foreign corporation which transacts business in the State without first obtaining a certificate of authority under the same rigors and burdens entailed by being subject to process as must be borne by domestic corporations and those foreign corpo-

rations transacting business in the State which have complied with its laws requiring a certificate of authority. Establishing parity in this respect among those three classifications of corporations seems not violative of due process and to be proper if not salutary.